## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0894-17T3

RANJIT BENIPAL, DIWAN
BENIPAL, BHAGWAN SINGH
and SUBHAN SINGH,

     Plaintiffs-Appellants,

v.

TRI-STATE PETRO, INC. and
AMAR GILL,

     Defendants-Respondents.

---

Argued October 29, 2018 – Decided January 4, 2019

Before Judges Messano, Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. C-000060-17.

Michael L. Kichline argued the cause for appellants (Dechert, LLP, attorneys; Michael L. Kichline, on the briefs).

Jerrold S. Kulback argued the cause for respondents (Archer & Greiner, PC, attorneys; Stephen M. Packman and Jerrold S. Kulback, on the brief).

PER CURIAM

In this action to quiet title to investment property, and for fraud surrounding its conveyance, plaintiffs appeal from a September 15, 2017 Chancery Division order granting defendants' motion to dismiss their complaint with prejudice. For the reasons that follow, we vacate the order and remand the matter for a Lopez hearing[1] to address fact-dependent and credibility-dependent issues of equitable tolling.

Because the record will be developed further on remand, we need not recite the facts fully or conclusively. We confine our review to the allegations set forth in plaintiffs' complaint, treating those allegations as true and extending to plaintiff all favorable inferences. Craig v. Suburban Cablevision, Inc., 140 N.J. 623, 625-26 (1995).

Sometime in 1994,[2] plaintiffs Ranjit Benipal, Diwan Benipal, Bhagwan Singh, Subhan Singh, and their cousin, defendant Amar Gill, agreed to purchase commercial real estate in West Windsor for $500,000 through G&B Business Associates, Inc. (G&B), a jointly-owned entity. Plaintiffs collectively

---

[1] Lopez v. Swyer, 62 N.J. 267, 275 (1973).

[2] Plaintiffs' complaint, dated July 12, 2017, avers that the agreement was made "[a]pproximately twenty-three years ago."

A-0894-17T3

contributed $250,000 and Gill solely contributed $250,000. The parties operated a gas station on the property.

Instead of titling the property in G&B's name, however, Gill titled the property in the name of defendant Tri-State Petro, Inc. (TSP), a company Gill owned with his family. Pursuant to a deed dated January 24, 1994, and duly recorded on February 9, 1994, TSP purchased the property from V.P. Realty Company for $500,000.

For twenty-two years, Gill and his family handled G&B's operations, finances, and "all paperwork connected with the [p]roperty." Accordingly, Gill led plaintiffs to believe G&B owned the property. For example, in 2008, Gill asked plaintiffs for their permission to list the property for sale. The property was not, however, sold at that time.

Plaintiffs contend they did not discover that TSP owned the property until June 2016. Thereafter, Gill and his family claimed they would "make things right," but would need approximately one year to "fix" things. In an email dated April 10, 2017, Gill acknowledged that the property should have been titled in G&B's name, "as per [plaintiffs'] initial investment in the business." Nonetheless, Gill failed to correct the title.

A-0894-17T3

In July 2017, plaintiffs filed a two-count complaint, seeking to quiet title against TSP and alleging fraud against Gill. Two months later, before filing an answer, defendants filed a motion to dismiss the complaint, arguing plaintiffs' claims were barred by the respective statutes of limitations and the statute of frauds. Plaintiffs countered that the statutes of limitations should be tolled through application of the discovery rule.

Following oral argument on September 15, 2017, the motion judge determined plaintiffs could have discovered the deed was not titled in G&B's name because it was duly recorded pursuant to New Jersey's recording statute, N.J.S.A. 46:26A-1 to -12. Citing our Supreme Court's decision in Cox v. RKA Corp., 164 N.J. 487 (2000), the motion judge reasoned that, because TSP's deed was recorded, it had "the effect of putting all those with an interest in the property on notice." Accordingly, the judge concluded plaintiffs' claims were barred on statutes of limitations grounds, but did not consider defendants' statute of frauds argument. This appeal followed.

On appeal, plaintiffs primarily contend that principles of equity justify tolling the statutes of limitations to 2016, when plaintiffs first had reason to know defendants caused them harm. In doing so, plaintiffs challenge the judge's conclusion that they had constructive notice of TSP's deed pursuant to the

A-0894-17T3

recording statute. Plaintiffs contend the judge, at the very least, should have conducted a <u>Lopez</u> hearing to determine whether they were entitled to the benefit of the discovery rule. Because plaintiffs did not request a <u>Lopez</u> hearing before the motion judge, we review the omission under the plain error standard. <u>R.</u> 2:10-2. We will not reverse unless plaintiffs show error clearly capable of producing an unjust result. <u>Ibid.</u>[3]

We review an order granting a motion to dismiss de novo, following the same standard employed by the motion court. <u>Castello v. Wohler</u>, 446 N.J. Super. 1, 14 (App. Div. 2016). A motion to dismiss a complaint for failure to state a cause of action must be denied if, affording plaintiffs the benefit of all allegations and all favorable inferences, a cause of action has been set forth. <u>R.</u> 4:6-2(e); <u>see</u> <u>Tisby v. Camden Cty. Corr. Facility</u>., 448 N.J. Super. 241, 247 (App. Div. 2017). "<u>Rule</u> 4:6–2(e) motions to dismiss should be granted in 'only the rarest [of] instances.'" <u>Banco Popular N. Am. v. Gandi</u>, 184 N.J. 161, 165 (2005) (alteration in original) (quoting <u>Lieberman v. Port Auth. of N.Y. & N.J.</u>, 132 N.J. 76, 79 (1993)).

---

[3] In their reply brief, plaintiffs further contend the statute of frauds does not apply to either of their claims, in response to the argument raised in defendants' brief. <u>See</u> <u>R.</u> 2:6-5.

5

A-0894-17T3

"[O]ur inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). We search the complaint "in depth and with liberality" to determine whether the basis for a cause of action may be found even in an obscure statement of a claim; and opportunity should be given to amend if necessary. Ibid. "Dismissal is appropriate only if the complaint states no basis for relief and discovery would not provide one." J-M Mfg. Co. v. Phillips & Cohen, LLP, 443 N.J. Super. 447, 453 (App. Div. 2015) (internal quotation marks omitted).

We first consider plaintiffs' contention that the court should have applied the discovery rule to toll the statutes of limitations for their quiet title and fraud claims. See The Palisades At Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 435 (2017). Pursuant to this rule, "a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Lopez v. Swyer, 62 N.J. 267, 272 (1973).

The Supreme Court in Lopez set forth the seminal principles of equitable tolling of a statute of limitations, sometimes referred to as the "discovery rule." Id. at 272-76. A plaintiff has the burden of proof in establishing the equitable

grounds for the indulgence of the discovery rule.  Id. at 276.  The determination is "highly fact-sensitive," Catena v. Raytheon Co., 447 N.J. Super. 43, 54 (App. Div. 2016), varying "from case to case, and . . . from type of case to type of case."  Vispisiano v. Ashland Chemical Co., 107 N.J. 416, 434 (1987).

Here, when plaintiffs filed their complaint in July 2017, both causes of action would have been time-barred, unless the statutes of limitations were equitably tolled by the discovery rule.  In particular, pursuant to N.J.S.A. 2A:14-7, a quiet title claim is an "action at law for real estate[,]" which must be commenced within twenty years after the cause of action accrues.  Further, pursuant to N.J.S.A. 2A:14-1, a fraud claim must be commenced within six years after the cause of action accrues.  See The Palisades At Fort Lee Condo. Ass'n, Inc., 230 N.J. at 434.  The key issue in determining whether those statutes should have been tolled, is whether plaintiffs knew, or had sufficient reason to know, they had been harmed by the alleged fraudulent actions and inactions of Gill, their business partner and family member.

The trial court determined that the recording statute placed plaintiffs on constructive notice of TSP's duly recorded deed.  The relevant portion of that act provides:  "Any recorded document affecting the title to real property is, from the time of recording, notice to all subsequent purchasers, mortgagees and

judgment creditors of the execution of the document recorded and its contents." N.J.S.A. 46:26A-12(a) (emphasis added). The statute is silent, however, as to current owners of a property interest.

Accordingly, the plain language of N.J.S.A. 46:26A-12 has questionable applicability here. Put another way, we are uncertain whether the plain terms of the recording statute imputed constructive notice to plaintiffs where, as here, Gill allegedly led plaintiffs to believe G&B owned the property. Arguably, however, the statute might be relevant to plaintiffs' actions, or inactions, following their investment in the property.

Consequently, extending to plaintiffs the benefit of all favorable inferences set forth in their complaint, as we must, we conclude the record is not fully developed surrounding Gill's purchase of the property and recording of the deed in TSP's name. Further, the present record is incomplete as to when, and under what circumstances, plaintiffs discovered that the property was not titled in G&B's name. Discovery has not yet commenced in this matter and more information is needed, for example, to shed light on G&B's ownership structure and assets held since 1994. Despite plaintiffs' obvious complacency over the years, it is not clear on the record before us that even a prudent investor would have uncovered concealment of the property's true ownership.

Given these and other uncertainties, we conclude that the most appropriate course of action is to remand the matter for an evidentiary hearing under <u>Lopez</u>. As the Court noted in <u>Lopez</u>, such a hearing is not always necessary, but "[g]enerally the [knowledge] issue will not be resolved on affidavits or depositions since demeanor may be an important factor where credibility is significant." <u>Lopez</u>, 62 N.J. at 275. That rationale is even more applicable here, where no answer has yet been filed, discovery has not yet commenced, and we are limited in our review to the four corners of plaintiffs' complaint. Accordingly, we discern that credibility is an issue that is best explored at an evidentiary hearing. For these reasons we conclude the motion judge's failure to conduct a <u>Lopez</u> hearing was plain error, capable of producing an unjust result, and we remand for that purpose.[4]

As indicated above, the trial court did not reach defendants' statute of frauds argument. In essence, defendants claim the statute in effect at the time the property was purchased required an agreement in writing. N.J.S.A. 25:1-5(d)

---

[4] We hasten to make clear we are not determining that plaintiffs' allegations regarding the substance, as well as the timing of their knowledge, are credible. Nor are we determining Gill acted fraudulently or harmed plaintiffs in any way. We are simply affording plaintiffs, as we must, all reasonable inferences from their complaint. <u>Craig</u>, 140 N.J. at 625.

9

(amended 1996). Plaintiffs counter that the statute, as amended, permits either a writing or proof of an oral agreement by clear and convincing evidence, N.J.S.A. 25:1-13, and that Gill's April 8, 2017 email satisfies that requirement.

However, we decline to consider defendants' statute of frauds argument in our opinion because the record before us is insufficient to determine its applicability here. Facts might be developed at the <u>Lopez</u> hearing that are relevant to whether and when the parties executed a writing in connection with the property, whether or not the statute is applied retroactively.

In sum, the trial court's order dismissing the complaint is vacated without prejudice, and the matter is remanded for an evidentiary hearing consistent with this opinion. The trial court shall schedule a case management conference within thirty days to plan the logistics of the evidentiary hearing, including setting deadlines to file an answer and manage discovery as to the issues addressed in this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-0894-17T3